UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RICHARD E. COOKE, JR., et al. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-831M |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Before the Court for decision is Defendants' Motion to Dismiss Petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds of res judicata. (ECF No. 78.)[1] The Defendants argue that Plaintiffs, Richard E. Cooke, Jr. and Joyce J. Cooke's claim for relief is barred by the doctrine of res judicata because the same claim was adjudicated in the Rhode Island Superior Court and a final judgment was rendered in favor of Defendants. *Id.* at 79. Mr. and Mrs. Cooke counter that Defendants' motion should be denied because the doctrine of res judicata is not satisfied. (ECF No. 148, 150.) Upon consideration of the papers, the Court GRANTS Defendants' Motion to Dismiss.

## I.    FACTUAL BACKGROUND

Mr. and Mrs. Cooke executed a mortgage and promissory note for 1 Gold Mine Road, Foster, Rhode Island (the "Property") on September 25, 2006. Mortgage Electronic Registration Systems, Inc. ("MERS") secured the mortgage as a nominee for Countrywide

---

[1] To maintain consistent references, all page numbers in documents appearing in the Case Management/Electronic Case Filing ("CM/ECF") system refer to the CM/ECF page as opposed to the pagination in the original document.

Home Loans, Inc.  On September 18, 2008, MERS assigned the mortgage to Federal National Mortgage Association ("FNMA").  Sometime after the transfer of the mortgage, FNMA began foreclosure proceedings on Mr. and Mrs. Cooke's Property.

On June 21, 2011, Mr. and Mrs. Cooke filed a complaint in the Rhode Island Superior Court seeking Declaratory Judgment and Injunctive Relief in accordance with Rhode Island General Law § 9-30-1 to confirm their ownership (Count I) and quiet title (Count II) regarding the Property.  In the state court complaint, Mr. and Mrs. Cooke alleged that the assignment from MERS to FNMA was invalid and therefore FNMA lacked the authority to foreclose on the Property.

On August 29, 2012, in response to Defendants' Motion to Dismiss (under Rule 12(b)(6)), the Rhode Island Superior Court dismissed Mr. and Mrs. Cooke's complaint.  The initial Order on September 11, 2012 was granted without prejudice, but an Amended Order was issued on November 9, 2012 and was granted with prejudice.  In conjunction with the Amended Order, the Superior Court entered a Final Judgment on November 9, 2012.  The Final Judgment became unappealable on November 30, 2012 and Mr. and Mrs. Cooke did not exercise their right to appeal before that date.

On November 15, 2012, Mr. and Mrs. Cooke filed the instant federal complaint to establish their ownership of the Property, quiet title, and for punitive damages in the amount of ten million dollars.  (ECF No. 1.)  Mr. and Mrs. Cooke allege that the assignment to FNMA from MERS was invalid and subsequently FNMA lacked the authority to foreclose on their Property.

The Defendants have filed a 12(b)(1) Motion to Dismiss on the grounds of res judicata.

## II.   STANDARD OF REVIEW

Res judicata is an affirmative defense and is a question of law.  *See* Fed.R.Civ.Pro 8(c); *see also R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).   When considering a motion to dismiss, the "court must view the facts contained in the pleadings in the light most favorable to the nonmovant" and draw all reasonable inferences on the behalf of the nonmovant. *R.G. Fin. Corp.*, 446 F.3d at 182.  Additionally, "[u]nder federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered." *Dillion v. Select Portfolio Servicing*, 630 F.3d 75, 80 (1st Cir. 2011).

## III.   ANALYSIS

The Court reviews the affirmative defense of res judicata raised by Defendants according to the three-prong test. *Gonzalez v. Banco Century Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). The elements necessary to satisfy the test are "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Id.*  Where all three elements are satisfied, the parties will be barred from adjudicating the new complaint. *See In re Iannochino*, 242 F.3d 36, 43, 49 (1st Cir. 2001).  Both sides in this matter agree that the parties in the state court action and the action now before the Court are sufficiently identical, therefore the Court will concentrate its analysis on prongs one and two of this tripartite test.

### A.  The State Court Order Was a Final Judgment on the Merits.

Under the first prong of the analysis for res judicata, the former claim must have received a final judgment on the merits and that final judgment will "preclud[e] the parties or their privies from relitigating issues that were or could have been raised in that action."

*Gonzalez*, 27 F.3d at 755 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "A dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a decision on the merits." *Acevedo-Villabos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1984) (citing *Local No. 714 v. Greater Portland Transit Dist.,* 589 F.2d 1, 6 (1st Cir.1978)).  Additionally, in the case where the former claim is adjudicated in a state court, "[f]ederal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered." *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st Cir. 1993) (citing *Allen*, 449 U.S. at 96).  Therefore, a judgment rendered by a Rhode Island state court will be given preclusive effect by this Court. *See id.*

It is irrelevant, for purposes of final judgment, whether the dismissal was ordered with or without prejudice, unless the "court in the first action has expressly reserved the plaintiff's right to maintain the second action." *Andrews-Clarke v. Lucent Techns.*, 157 F.Supp.2d 93, 100 (D. Mass. 2001) (citing *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1166 (1st Cir. 1991)).

Here, the Rhode Island Superior Court dismissed Mr. and Mrs. Cooke's state complaint under Rule 12(b)(6) on August 29, 2012 and issued its original order without prejudice on September 11, 2012.  The Rhode Island Superior Court then filed an Amended Order and Final Judgment with prejudice on November 9, 2012.  The original order by the Superior Court issued on September 11, 2012 was a "final judgment on the merits." *Gonzales*, 27 F.3d at 755.  Mr. and Mrs. Cooke's contention that they did not receive notice of the Amended Order issued on November 9, 2012 is irrelevant to the issue of whether there was a "final judgment on the merits" in this matter.  The doctrine of res judicata simply states that

prong one of the test is satisfied when a "final judgment on the merits" is rendered on the earlier claim. *Gonzales*, 27 F.3d at 755.

### B. The Claims Alleged in the Earlier and Later Suits Are Sufficiently Identical.

Under prong two of the analysis for res judicata, the claims asserted in the original and subsequent suits must be sufficiently identical. *Id.* To determine if the earlier and later claims were sufficiently identical, the First Circuit in *Manego v. Orleans Bd. of Trades* adopted the "transactional" test for res judicata. 773 F.2d 1, 5 (1st Cir. 1985). Claims are identical "as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint." *Haag v. United States,* 589 F.3d 43, 46 (1st Cir. 2009) (quoting *Kale*, 924 F.2d at 1166).

Mr. and Mrs. Cooke contend that the present federal claim is an entirely new cause of action because of the addition of punitive damages as Count III of the instant federal complaint; this is the only difference between the state court claim and the federal claim. However, in *South Port Maine v. Gulf Oil Ltd.,* the First Circuit ruled that punitive damages "do not constitute a separate cause of action, but instead form a *remedy* available for some tortious or otherwise unlawful acts. Consequently, plaintiff's claim for punitive damages must relate to some separate cause of action which permits recovery of punitive damages." 234 F.3d 58, 64 (1st Cir. 2000). If Mr. and Mrs. Cooke wished to seek relief in the form of punitive damages, then they should have sought them in their original state court claim.

## IV.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Petition (ECF No. 78) is GRANTED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

May 29, 2013